IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MABLE L. ELLIS                                                                                              PLAINTIFF

VS.                                    CASE NO. 4:07CV00041 JMM

MICHAEL CHERTOFF, SECRETARY
U.S. DEPARTMENT OF HOMELAND
SECURITY                                                                                                   DEFENDANT

**ORDER**

Pending before the Court is defendant's Motion for Summary Judgment and plaintiff's response.[1]  For the reasons stated below, the motion is granted (#32).

Plaintiff an African American female brings suit contending that defendant discriminated against her by failing to employ her as a Transportation Security Administration ("TSA") Screener in October of 2002 in violation of Title VII, 42 U.S.C. § 2000e *et seq.*  Defendant contends that plaintiff has failed to establish a *prima facie* case of racial discrimination and, further, that defendant had a legitimate, nondiscriminatory reason for not hiring plaintiff.

I. *Facts*

Prior to November of 2001, plaintiff was employed by Wackenhut as an airport screener at the Little Rock National Airport.  In November of 2001, Congress passed the Aviation and Transportation Security Act ("ATSA") which federalized the airport screeners process requiring

---

[1]The Court has construed plaintiff's Rule 26 Discovery pleading as being a response to the pending Motion for Summary Judgment.

plaintiff to apply for the position of a TSA Screener. As a result of her application, plaintiff was subjected, as were all applicants, to a three-step process.

Step one required the applicant to complete a "QuikScreen" questionaire which addressed whether the applicant had the minimum qualifications for the position, i.e. United States citizenship, high school diploma or the equivalent, and at least one year of full-time work experience in security work, aviation screener work, or with x-ray technician work.

Step two of the process was an assessment which was composed of two phases. Phase I consisted of a computer based test which measured an applicant's aptitude and ability to recognize and distinguish shapes and images on a screen, as well as customer service orientation, work values, integrity, responsibility, and an English proficiency test. Phase II was divided into three parts: Structured Interview, Physical Ability Tests, and Medical Tests.

Applicants who passed all of Phase I and II proceeded to step three, the pre-employment background investigation. If any portion of Phase I or Phase II, other than the Medical Tests was not passed, the applicant was disqualified. If an applicant failed to satisfy the medical standards of the Medical Tests, they were given an opportunity to be re-evaluated by their personal doctor or a specialist to see if measures could be taken to insure that they could satisfy such standards.

Plaintiff passed Phase I, but failed the Physical Ability Tests because she did not pass the luggage/box lift physical test. Plaintiff states in her response that she also failed the medical tests because her blood pressure was too high. She adds that she went to her personal physician for further evaluation, but she provides no evidence as to the outcome of the evaluation.

Kenneth Holcom, Chris Strita, and Travis Patton, all white males, applied for positions as TSA Screeners. All three of these white males passed the physical ability tests of Phase II, but

each failed the medical standards test. Holcomb failed due to near sightedness, but after obtaining clearance from a physician and providing documentation to TSA, he was hired. Starita failed because of an issue with his hearing, but he was re-tested and passed the hearing test, and after providing documentation to TSA, he was hired. Patton failed due to his color vision. Patton re-took, and passed, the vision test at the University of Arkansas Medical Sciences, and after providing documentation to the TSA, he was hired.

II. *ANALYSIS*

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Iowa Coal Min. Co. v. Monroe County*, 257 F.3d 846, 852 (8th Cir.2001); Fed. R. Civ. P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The burden is on the moving party to show that the record does not disclose a genuine dispute on a material fact. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399 (8th Cir.1995).

Plaintiff's Title VII claim of race discrimination is analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, a Title VII plaintiff has the initial burden of establishing a *prima facie* case of discrimination. *Hill v. St. Louis Univ.*, 123 F.3d 1114, 1119 (8th Cir.1997). If successful, a rebuttable presumption of discrimination arises. *Id*. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* Once the employer articulates such a reason, the presumption of discrimination disappears and the plaintiff bears the burden of proving the employer's

proffered reason is merely a pretext for discriminatory animus. *Id.* At all times, the plaintiff retains the ultimate burden of persuasion. *Richardson v. Sugg*, 448 F.3d 1046, 1060 (8th Cir. 2006).

To establish a *prima facie* case of discriminatory failure to hire, a Title VII plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was qualified and applied for a job for which the defendant was seeking applicants; (3) she was rejected; and (4) the defendant continued to seek applications from persons of her qualifications. *Chambers v. Wynne School Dist.*, 909 F.2d 1214 (8th Cir.1990).

Plaintiff has failed to establish a *prima facie* case because she has failed to establish that she was qualified for the position sought and that the defendant continued to seek applications from persons similarly qualified as plaintiff.

Plaintiff does not contest the fact that she failed the luggage/box lift physical test which was a qualification of the position sought. Her contention is that others, in particular Holcomb, Starita, and Patton, who failed the medical tests were eventually hired by defendant and she was not. However, the evidence is that all three of these men passed the luggage/box lift physical test and provided documentation to the TSA that their medical issues had been solved by re-taking the applicable test under the supervision of a medical doctor. This is in contrast to plaintiff who failed the luggage/box lift physical test and failed to provide documentation that her medical issues had been resolved.

Even if plaintiff had established a *prima facie* case, defendant has stated a legitimate, non-discriminatory bases for its decision. Plaintiff did not pass Phase II's luggage/box lift physical test and thus, was not qualified for the position.

4

Moreover, plaintiff has failed to demonstrate that this legitimate, non-discriminatory reason for not hiring her is a pretext for discrimination. Pretext could be inferred by the alleged different treatment afforded Holcomb, Starita, and Patton. However, the evidence, as stated above, is that these three white males were not similarly situated to the plaintiff.

III. *Conclusion*

Defendant's Motion for Summary Judgment is granted and plaintiff's complaint is dismissed. Judgment will be entered accordingly.

IT IS SO ORDERED THIS   9   day of   January  , 2008.

James M. Moody
United States District Judge